Thos. Hawkins seised in Fee by his Will Feb. 8. 1675. devises thus: “ I give all my Lands equally to be divided between *B244 “ my two Sons Thomas & John & their Heirs lawfully begotten “ forever But in Case my Wife be with Child of a Son Then I “ give him an equal Part of all my Lands And if any of them “ should happen to die before they come of Age the Land still to “ fall to the surviving Sons or Son And if they all die Then to “ my Daughters &c. to be equally divided between them & the “ Heirs of their Bodies lawfully begotten forever There was no after born Child Thomas the Son died under Age & without Issue John the surviving Son enter’d into the whole & sold to the Deft. The Lessor of the Pit. is Heir of the Body of John The Question is Whether the Testator's Sons took an Estate tail or a Fee simple by the Devise to them If an Estate tail the Lessor of the Pit. is Heir in tail & has a good Title
It must be my Task to endeavour to shew that the Testator intended an Estate tail to his Sons & not a Fee simple I will beg leave to premise that there is a great Difference between Deeds & Wills in.the Construction & Exposition of them The same Words will not have the like Operation or Effect in the one as in the other In Deeds the Wisdom of the Law has appropriated certain peculiar Words as Terms of Art not to be supplied by any other & without which an Estate of Inheritance cannot pass or be created as the Word (Heirs) is absolutely necessary to create a Fee simple And (Heirs of the Body) a Fee tail tho’ these Words (of the Body) may be supplied by other Words ex vi termini importing as much Nor will such Estates pass by Deeds without these Words Be the Grantors Intent & Meaning never so plain But in Wills the Law is not so strict a greater Latitude is allowed & a more liberal Construction made of them The Intention of the Testator is the Rule & Law to govern the Exposition of them which Intention is to be collected from the whole Will And therefore where that is apparent any Estate may pass without those Terms of Art or any peculiar Form of Words The Reason of this Difference is that a Man may have Advice & Assistance in drawing of Deeds And it is his own Folly if he has not But Wills are supposed to be & indeed often are made in extremis in a Man’s last moments when he is destitute of Assistance Inops consilii And therefore there is Reason some Indulgence should be shown and Construction made according to the Intention without Regard to strict & legal Forms Instances of this Sort are frequent in the Books
A Devise to a Man forever or to one & his Assigns carry a *B245 Fee simple tho’ in a Deed they would give no more than an [228] Estate for Life for Want of the Word (Heirs) But because the Intention is plain from the Words (for ever) & (assigns) that the Testator intended more than an Estate for Life & that the Devisee should have an absolute Right that Intention supplies the Want of formal Words So a Devise to a Man & his Heirs male or to one & his Issue or to one & his Heirs And if he die without Issue Rem’r over All these make Estates tail in a Will tho’ the like Words in a Deed would carry a Fee simple In the last Instance is observable that tho’ a Fee simple would pass by the first Part of the Devise by the Word Heirs Yet the Testators Intention being collected from the latter Part viz. if he die without Issue that the Heirs intended are Heirs of the Body the Law which makes Construction upon the whole Will adjudges it an Estate tail And so in the Devise now before us the same Words in a Deed would carry a Fee simple But here in this Will I conceive they make an Estate tail by the plain Intention of the Testator w’ch may be collected both from the Words he makes Use of in this Devise to his Sons And from other Circumstances appearing on the Face of the Will as I shall observe presently 1. From the Words of the Devise which are “ To my Sons & their Heirs lawfully begotten for ever.” These Words “ lawfully begotten ” are quite superfluous & unnecessary to create a Fee simple It is reasonable to suppose the Testator intended something by them And what could be intend but that the Heirs should be begotten by his Sons I will appeal to all the World if a Man unskilled in the Law when he speaks of his Heirs lawfully begotten does not mean the Heirs begotten of his Body And it is a Rule that Words in a Will are to be taken in the Sense they are used in common Speech Had the Devise been to the Sons & their Heirs lawfully begotten by them it had been clearly an Estate tail for Heirs begotten by them must be of their Body Here indeed we want these Words of Art (by them) and (of their Bodys) but I must submit whether the Intention be not plain to pass an Estate tail And then those words may be supplied. (Lawfully begotten Words naturally belonging to Estates tail Talbot 24.)
Another Rule of Law in the Construction of Wills is that they shall be so construed as to make all the Words have some Effect or Operation if it may be But these Words (lawfully begotten) can have none at all in this Case if the Devise to the Sons is *B246 construed to be a Fee Simple I have already observed that a Devise to a Man & his Heirs male make an Estate tail 1 Inst. 27. a. Not from the Force or Operation of the Words [229] in Law for in a Deed such Words would carry a Fee simple but from the the Intention of the Testator who is supposed to mean some thing by the Word Male. And so I say here the Testator meant some thing by the Words lawfully begotten And I cannot conceive what he could mean unless it was that the Heirs should be begotten of his Sons Bodies
But the Testators Intention to give an Estate tail to his Sons may be further collected from the Limitation over in Case his Sons died under Age If the Sons take a Fee simple subject to the Contingency of living till 21. as I suppose will be contended for on the other Side Then the Limitations over which are first to the Survivor in Case either Son die under Age And then to the Daughters if they both die must be vain and fruitless because the surviving Brother would be Heir to the other And so would the Sisters to the surviving Brother & take the Lord without this Limitation for none of them could alien before they came of Age But the Land must of Necessity descend to the next Heir Now a Will shall never be so construed as to make any Devise vain & fruitless if another Construction can be made that will make every Devise have some Effect And the Reason is because it cannot be supposed that a Man intends to make a void Devise And therefore rather than that shall be Sentences shall be transposed & Words made to have a Meaning they are not naturally capable of For Instance & to the Purpose now before us The Word (Heirs) without any Thing more shall be construed Heirs of the Body where a Limitation over will be void without such Construction As was adjudged in Webb & Herring 3 Bul. 192. 1 Ro. Abr. 836. Devise to his Son Francis after the Death of his Wife And if his 3 Daughters overlive their Mother & Francis & his Heirs Then to them for Life with Rem’r over The Question was what Estate Francis had and adjudged an Estate tail for the Word (Heirs) must be intended Heirs of the Body Otherwise the Limitation over to the Daughters would be void they being Heirs to their Brother & would have taken the Land without the Limitation if the Testator had intended a Fee simple And so I say here the surviving Brother would be Heir to his Brother & take the Land without the Limitation in this Will if the Testator had intended a Fee simple And so *B247 in like Manner would the Daughters from the surviving Son And therefore he must intend an Estate tail Or the Limitation over is vain and fruitless So 3 Mod. 123. Blaxton & Stone A Man having two Sons devises to his eldest And if he dies without Heirs Male then to the other Son Adjudged an Estate tail in the eldest tho’ there w'ants the Word Body for the Intent may be collected that the Testator intended an Estate tail because without the Devise over it would have gone to the second [230] Son if the eldest had died without Issue 1 Sal. 233. Nottingham a Jennings A. having 3 Sons devises to his 2d Son & his Heirs for ever And for want of such Heirs Then to his own right Heirs Adjudged an Estate tail for Heirs here can import nothing more than Issue because the Son could not die without Heirs living Heirs of the Father See also Talbot 1. All which Cases prove that the Word (Heirs) in a Will are often construed Heirs of the Body but especially where there is a Limitation over that must be vain & idle without such Construction
3. The Nature of the Estate given to the Testators Daughters in this Will is a further Proof of his Intention in the Devise to his Sons He gives them an Estate tail in express Words to them & the Heirs of their Bodies And it is very reasonable to suppose he intends the like Estate to all his Children Especially if -we consider that Men are generally more fond of entailing Lands in the Male than female Line The Difference of the Expression in the two Devises I take to have proceeded from the Ignorance of the Writer who I believe was no Lawyer and possibly imagined that Heirs lawfully begotten & Heirs of the Body had the same Import & Meaning And so indeed they have in common Speech in the Understanding of Men unskilled in the Law as I have had Occasion already to observe And so this Difference of Expression can make none in the Intent w’ch upon the whole Will I hope is pretty clear to give an Estate tail to all his Children
The Case most resembling this is Church & Wyat Mo. 637.
One by Will devises part of his Land to the Child his Wife went with & to his or her Heirs lawfully begotten & the Residue he devised to a Daughter that was born To have to her & the Fruit of her Body And if she died without Fruit of her Body that it should remain to the Child in Ventre sa mere And if both died without Fruit then to I. S. And he willed that one should *B248 be Heir to the other The Question was what Estate the after-born Child had and adjudged that the Word Heirs lawfully begotten in the Premises and that one should be Heir to the other in the End of the Devise made an Estate tail without the Word Body And this I take to be exactly our Case the Devise is to the Sons & their Heirs lawfully begotten And if either die under Age the Land still to fall to the Survivor And if both die then to the Daughters Which Words I presume will be agreed to be of the same Import & Meaning as if he had sayed that one should be [231] Heir to the other for so in Effect they are to be
But it will be objected If this is adjudged an Estate tail Then if the Sons had Issue & died before 21. the Issue must be disinherited which the Testator could never intend. In Answer to this I say that where the Words of a Will are doubtful & will admit of two Interpretations that Construction ought to be made which is most agreable to Reason & Iustice But where the Words of a Will are clear & express I apprehend no such Latitude is allowed but Construction must be according to the Words of the Will tho’ it may be attended with a seeming hardship or Inconvenience In this Case the Words of the Will are express that if either Son die under Age the Land shall go to the Survivor And therefore tho’ it may seem hard that the Issue of the Son dying sho’d be disinherited if he had any & died before 21 It is the express Will of the Testator .& must be submitted to
But with Respect to the Argument now before us there is really nothing at all in this Objection for it is equally strong whether the Sons take a Fee simple or a Fee tail since in either Case the Issue would be disinherited if the Devisee died before 21. For the Limitation over is not upon dying without Issue or under Age but generally upon dying under Age And so
This Case is nothing like (a) Burgis & Slack w’ch was argued in this Court last April That Case was a Devise to a Son & Daughter their Heirs & Assigns And in Case of the Mortality of either before 21. or Marriage of his Daughter or without Issue Then the whole to the Survivor This indeed was adjudged a Fee simple subject to to the Contingency of living till 21. or having Issue And principally I believe for this Reason that if it had been adjudged an Estate tail Then in Case the Devisee had died before 21 tho’ he left Issue that Issue *B249 would be disinherited which it was sayed the Testator could not intend However the Court were not unanimous in that Judgment And there is an Appeal not yet determined
The Difference between that Case & this has been already observed there the Limitation over was upon dying under Age or without Issue Here upon dying under Age only In that Case it was argued to be an Estate tail by Implication only And that by Force of the Words dying without Issue for the first Words were strong to carry a Fee simple “ to them their Heirs & Assigns. Here we say an Estate tail passes by Force [232] of the Words in the Devise itself viz Heirs lawfully begotten So that the Resolution in that Case will not at all influence the Determination of this Upon the whole I hope it is evident both from the Words of the Devise And other Circumstances in this Will which have been observed that the Testators Intention was to keep his Estate in his Name & Family And that it sho’d not be in the Power of his Sons to disinherit their Issue And so I pray Judgm’t for the Pit.
For the Deft. It was sayed the Word Body or somethingtantamount was necessary to make an Estate tail Co. Lit. Sect. 31. 7. Co. 42. That the Stat. De Donis required that voluntas Donatoris should be manifesté expressa And here the Testators Intention to give an Estate tail was far from being plain or manifest That the Words, lawfully begotten, were of no Signification nor Operation in Law for every Heir must be lawfully begotten The Case of Church & Wiat Mo. 637. proves that those Words alone would not make an Estate tail without the Assistance of the latter Clause “ That one should be Heir to the other ” And there was a further Reason for that Judgment viz the Rem’r over if both died without Fruit &c. Which is afterwards mentioned by the Reporter to make an Estate tail tho’ not sayed to be a Reason for the Judgm’t. So that upon the Matter that Case was an Authority ag’t the Pit. There is no Case in the Books where the Words “ lawfully begotten ” are adjudged to make an Estate tail. Vid. Prec. Chanc. 131, 132.
That the Cases cited for the Pit. to prove the Word Heirs in a Will is often construed Heirs of the Body are nothing to this Case For in all of them there is a Rem’r over on dying without Heir or without Issue. But here the Limitation over was upon Dying before 21. which is very different The Testator intended no more than to limit the Estate over in Case of that Contingéncy *B250 And if the first Words did not make an Estate tail as they certainly did not, The Limitation over signified nothing atall Butthe Sons took a Fee simple subject to the Contingency of living till 21.
That the Limitation of an Estate tail to the Daughters was so far from being an Argument that the same Estate was intended to the Sons that, it was a strong Argument to the contrary For it is reasonable to presume the
N. B. (Continued on page 357 two leaves missing here.)
[357] Hawkins & Thornton continued from page 232.
The Testator knew the different Import and Meaning of the Words Heirs of the Body lawfully begotten and Heirs lawfully begotten especially as he uses the Words lawfully begotten in both Places And the Difference of the Expression if it proves any Thing proves a Difference in the Intent And there may be a good Reason Why he sho’d rather intail his Lands on his Daughters than his Sons viz. That it should not be in thfe Power of a Husband to prevail on them to disinherit their Issue
The Argument drawn from the Limitation over being to the Person who would have been Heir to the first Devisee is fallacious as well as from the Purpose For in the event there were but two Sons if the Wife had been ensient of another he would have taken with the survivor of the other two and so the Disposition is different from what the Law would make and the Rem’r over not useless.
It was insisted that Heirs were to be favoured especially in doubtful Cases and the foil. Books cited Poll. 426. Meynell and Read. That words incertain (as lawfully begotten were) ought to be rejected 6 Co. 16. Wild’s Case. Cro. Eliz 472. and the Case of Burgis and Hack was also relied on.
April 1737. Judgment for the Pit. that it was an Estate tail by the Opin. of Lee, Lightfoot, Tayloe, Randolph, Custis, Grymes, Carter and Digges. Robinson, Byrd, Blair and the Governor con, Q.[1]
B. The Arguments that seemed to prevail most were the vulgar acceptation of the Words (lawfully begotten) and the Limitation over being to the next Heir Vide 2. Lev. 162. Tilly and Collier.
Vide ante 249.
Hark back to p. 237. These three pages following were omitted in their proper place. W. W. S.

 Ante Page 182.

I take this to be a “Q” but it is obscure. W. W. S.